THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO LUGO SERRANO, Defendant and Appellant.

No. 14167. Argued November 7, 1949.—Decided November 28, 1949.

*Rafael Muñoz Ramos* and *Inés Acevedo de Campos* for appellant. *Vicente Géigel Polanco, Attorney General* (*Carlos Santana Becerra, Acting Attorney General,* on the brief), *J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Appellant, who was convicted of the crime of slander and sentenced to pay a fine of $25, in discussing his only assignment of error contends that the lower court erred in weighing the evidence. The slanderous phrases alleged to have been addressed by defendant to the accuser were the following: "You are a thief, you stole $500 from my uncle and I will prove it in court."

The evidence presented by the prosecution was to the effect that on November 24, 1947, Prudencio Afanador, the accuser, met defendant in the office of the Department of Labor in Utuado, where at the time a hearing was being held in connection with a claim for wages of Afanador against defendant; that during the hearing, where there were a lot of persons not only within the office but also outside in the street, defendant and the accuser were bitterly arguing with each other; that at the termination of the hearing, defendant, addressing the accuser, said: "You are a thief, you stole $500 from an uncle of mine and I am going to prove it in

court"; that Afanador did not know the amount claimed against defendant as wages nor whether his claim had been granted or denied; that the claim did not prosper; that defendant at all times denied that he owed any money to the accuser, calling the latter a thief; that defendant had an uncle who was a farmer, and who on a certain occasion delivered an amount of coffee owned by him to the accuser to be sold by the latter and a brother-in-law of his; that the coffee was sold and the accuser received a check issued to his order for the price of the coffee and that he had cashed the check and applied the money to the building costs of a house that he was constructing for defendant's uncle; that a sister of defendant had once been the accuser's wife.

The evidence for the defense tended to show that the conversation held by Afanador and defendant Lugo during the hearing for claim for wages was peaceful in its commencement but became loud by degrees until it grew bitter; that due to the insistence of Afanador that Lugo pay him the amount claimed, the latter told the former that it was a "dirty trick" to claim from him what he did not owe him, and also that Lugo asked Afanador to return to him the $500 that he had taken from his uncle; that due to this argument many people gathered at the place; that the phrases spoken by defendant to the prosecuting witness were uttered after the agent of the Department of Labor in Utuado had agreed with the former in connection with the claim for wages against defendant; that Afanador had on a certain occasion coffee from defendant's uncle to sell and that he had never delivered the proceeds of the sale; that Afanador is a builder but that he had never built any house for defendant's uncle nor worked for him; that he constructed a house for defendant; that Afanador's claim for wages against Lugo was for $4,900; that Lugo did not owe anything to the prosecuting witness and that on the contrary the latter owed Lugo about $3,000; that the claim for wages was decided in favor of Lugo; that Afanador had been married to Lugo's sister and

that afterwards he had abandoned her; and that Lugo's uncle filed a complaint against Afanador for an alleged offense of embezzlement.

■■ The evidence believed by the lower court is sufficient to support the judgment. The phrase addressed to the prosecuting witness charges him with the commission of a crime, with the statement "You are a thief, you stole $500 from an uncle of mine." The remaining part of the phrase, to wit: "and I am going to prove it in court" clearly shows that the charge contained in the first part, that defendant was a thief and that he had stolen $500 from defendant's uncle, was made with the object of charging a crime, in that it categorically affirmed that it would be proven in court. It showed that defendant's purpose was to express the idea derived from his words, bearing in mind their usual primary and ordinary meaning. Cf. *People* v. *Pargas*, 67 P.R.R. 767. As stated by the Assistant *Fiscal* of this Court the phrase uttered by appellant "trascends the limits of what is outrageous and vituperative as a mere instrument of abuse and constitutes a cold, calculated, and deliberate imputation of the crime of larceny, robbery, or embezzlement." The cases of *Moraza* v. *Rexach Sporting Corp.*, 68 P.R.R. 433, and *Palou* v. *Ríos*, 23 P.R.R. 337, cited by appellant are not in point to the case at bar since the phrase here addressed to the prosecuting witness was not uttered figuratively as a mere expression of abuse in the heat of anger and passion.

■■ The circumstance that defendant did not owe anything to the accuser and that the latter pretended otherwise (in connection with his claim for wages), as well as that the accuser had sold coffee belonging to an uncle of his and had not delivered the money—circumstances that the lower court had before it when convicting the defendant—even assuming that they were true, would never have the effect of justifying the phrases slanderous *per se* uttered by appellant. Inasmuch as the evidence was clearly conflicting and since the

lower court settled this conflict, we shall not interfere with its determination, in the absence of manifest error in the weighing of the evidence or that it acted under the influence of passion, prejudice or partiality.

The judgment appealed from will be affirmed.